IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN HOMES 4 RENT PROPERTIES EIGHT, LLC, Plaintiff, | § § § § | |
| V. | § | CAUSE NO. 4:14CV83 |
| BRIGITTE ELLIS, ET AL. Defendants. | § § § § | |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff's Motion to Remand (Dkt. 5). Having reviewed the record in this case, the Court finds that the motion should be GRANTED and this matter should be REMANDED.

### BACKGROUND

*Pro se* Defendant removed this case to this Court on February 10, 2014. The following is clear from the materials filed. This eviction suit was originally filed by Plaintiff in the Justice of the Peace Court, Precinct 2, Collin County on January 28, 2014, seeking the eviction of Brigitte L. Ellis, Kenneth W. Ellis, and all other occupants from the Property located at 1018 Canyon Lake Drive, Wylie, Texas 75098. It is unclear from state court materials attached to the Notice of Removal when Defendants were served with process and whether any of them appeared in the state court suit. As set forth below, the Court finds that the case should be remanded.

**STANDARD**

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

**ANALYSIS**

Defendant's removal fails for various reasons, and remand is mandatory here. First, Defendant's removal is barred by 28 U.S.C. § 1441(b) and the "forum defendant rule." Section 1441(b) states, in part, that a case removed on diversity may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendant has listed an the Wylie, Texas address as her residence.

The Court also notes that the state suit names Brigitte L. Ellis, Kenneth W. Ellis, and all other occupants of 1018 Canyon Lake Drive, Wylie, Texas 75098 as Defendants. Only Defendant Brigitte L. Ellis[1] removed. The record contains no evidence regarding whether the other occupants on the

---

[1] Defendant has spelled her name Bridgette Ellis in her removal paperwork; nonetheless, the Court retains the original state court caption in this removed matter.

Property participated in the state court action and, if so, whether all Defendants consented to the removal, as is required by 28 U.S.C. § 1446(b)(2)(A).

Finally, forcible detainer actions like this one are governed by the Texas Property Code and are questions of state, not federal, law. *See* TEX. PROP. CODE ANN. § 24.001, *et seq. See also Stump v. Potts*, 322 Fed. Appx. 379, 380 (5th Cir. 2009) (complaint in suit to evict arising under state law provided no basis for federal question jurisdiction and federal question claims in defendant's answer and counterclaim could not be considered in determining the existence of removal jurisdiction). Removal was improper and the case must be remanded.

## Recommendation

It is, therefore, recommended that this case be remanded to the Justice of the Peace Court, Precinct 2, Collin County for further proceedings.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140,

148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of February, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE